# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EPLUS TECHNOLOGY, INC.<br>13595 Dulles Technology Drive<br>Herndon, VA 20171,<br><br>       Plaintiff,<br><br>  v.<br><br>L. FRANCIS CISSNA, Director<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Avenue, NW<br>Washington, DC 20529<br><br>KIRSTJEN M. NIELSEN, Secretary<br>U.S. Department of Homeland Security<br>650 Massachusetts Avenue, NW<br>Washington, DC 20001<br><br>LAURA B. ZUCHOWSKI, Director<br>U.S. Citizenship and Immigration Services<br>Vermont Service Center<br>75 Lower Welden Street<br>St. Albans, VT 05479,<br><br>       Defendant. | Civil Action No. _____ |

## COMPLAINT

### Introduction

1.  Plaintiff ePlus Technology, inc. ("ePlus") challenges the unlawful denial of its nonimmigrant petition seeking approval of H-1B classification on behalf of Mr. Manoj Wable under 8 U.S.C. § 1101(a)(15)(H).

2.  ePlus is a wholly-owned U.S. subsidiary of ePlus inc., a holding company that serves as the parent for 11 operating companies across the technology and financing sectors that together deliver actionable outcomes for organizations by using Information Technology ("IT") and consulting solutions to drive business agility and innovation.

3. Plaintiff ePlus conducts technology sales and services, focusing on delivering integrated solutions that address customers' business needs, leveraging Cloud, Security, and Digital Infrastructure technologies.

4. As described in its initial petition to U.S. Citizenship and Immigration Services ("USCIS"), ePlus seeks to hire Mr. Wable in the role of Senior Data Center Architect to provide "senior level sales engineering support by planning, implementing, and operating enterprise IT infrastructure for ePlus Technology clients, based upon pre- and para-sales client requirements gathering and analysis." Classified in the Sales Engineer occupation under the U.S. Department of Labor's Occupational Information Network (O*Net), which summarizes the classification's job duties as "[s]ell business goods or services, the selling of which requires a technical background equivalent to a baccalaureate degree in engineering", the employer's minimum requirements for the position included "attainment of a Bachelor's degree, or equivalent, in Electronic Engineering, Computer Science, or related."

5. On August 10, 2018, USCIS denied the H-1B petition on the dual grounds that "the evidence of record does not satisfy the criterion… that the nature of the specific duties is so specialized and complex that the knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree in a specific specialty" and that ePlus "did not offer any documentation" that Mr. Wable's Bachelor of Engineering degree is related to the proffered position. *See* Ex. 2 (August 10, 2018, Notice from USCIS).

6. USCIS's denial of the petition is unsupported by substantial evidence in the record. The decision is arbitrary and capricious and an abuse of its discretion, and not in accordance with the law.

7. ePlus seeks an order overturning the denial and requiring USCIS to adjudicate and

approve its H-1B nonimmigrant petition.

## Jurisdiction and Venue

8. This is a civil action brought under 5 U.S.C. § 701 *et seq.*, the Administrative Procedure Act ("APA"), and 8 U.S.C. § 1101 *et seq.*, the Immigration and Nationality Act ("INA"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question subject matter jurisdiction), and 28 U.S.C. § 1361. This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201-02, and injunctive relief under 5 U.S.C. § 702, and 28 U.S.C. § 1361. The United States waives sovereign immunity under 5 U.S.C. § 702.

9. Venue is proper under 28 U.S.C. § 1391(e)(1)(A) as a civil action brought against officers and agencies of the United States in their official capacities in the district where the Defendants reside.

## Parties

10. Plaintiff ePlus is a Commonwealth of Virginia corporation headquartered in Herndon, Virginia.

11. Defendant USCIS is a component of the U.S. Department of Homeland Security ("DHS"), 6 U.S.C. § 271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS adjudicates petitions for immigration benefits, and denied the nonimmigrant petition ePlus filed on behalf of Mr. Manoj Wable.

12. Defendant L. Francis Cissna is the Director of USCIS. He has ultimate responsibility for the denial of ePlus's petition and is sued in his official capacity.

13. Defendant Kirstjen M. Nielsen is the Secretary of DHS, and is sued in her official capacity.

14. Defendant Laura B. Zuchowski is the Director of the Vermont Service Center,

and is sued in her official capacity. She leads the specific office within USCIS that adjudicated ePlus's petition.

## Legal Framework

15. The INA provides H-1B classification for foreign nationals, in pertinent part, "coming temporarily to the United States to perform services… in a specialty occupation." 8 U.S.C. § 1101(a)(15)(H).

16. A specialty occupation is a position that requires the theoretical and practical application of a body of highly specialized knowledge, and attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation. 8 U.S.C. § 1184(i)(1).

17. DHS regulations define specialty occupation to mean "an occupation which requires theoretical and practical application of a body of highly specialized knowledge in fields of human endeavor including, but not limited to, architecture, engineering, mathematics, physical sciences, social sciences, medicine and health, education, business specialties, accounting, law, theology, and the arts, and which requires the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent, as a minimum for entry into the occupation in the United States." 8 C.F.R. § 214.2(h)(4)(ii).

18. Implementing regulations at 8 C.F.R. § 214.2(h)(4)(iii)(A) further provide that a position will satisfy the statutory definition of specialty occupation if it meets one of the following criteria:

- A baccalaureate or higher degree or equivalent is normally the minimum requirement for entry into the particular position;
- Degree requirement is common in industry in parallel positions among similar

      organizations or the particular position is so complex or unique that a degree is required;

- Employer normally requires a degree or equivalent; or
- Nature of specific duties is so specialized and complex that knowledge required to perform the duties is usually associated with attainment of degree.

19. To perform services in a specialty occupation, a beneficiary must, in pertinent part, hold a U.S. bachelor's or higher degree from an accredited college or university (or a foreign degree determined to be equivalent) as required by the specialty occupation. 8 C.F.R. § 214.2(h)(4)(iii)(C).

**Factual Allegations**

20. USCIS accepted an H-1B nonimmigrant petition filed by Plaintiff on behalf of beneficiary Mr. Manoj Wable on April 20, 2018.

21. Mr. Wable earned a Bachelor of Engineering degree in Electronic Engineering from the University of Mumbai (India) in April 2010. This degree was evaluated by a professional credential evaluation firm and equated to at least a four-year Bachelor of Science degree in Electronic Engineering from a regionally-accredited college or university in the United States.

22. Mr. Wable currently holds the role of Senior Solutions Architect with ePlus pursuant to H-1B classification previously approved by USCIS on May 5, 2016, and valid until April 24, 2019. *See* Ex. 3 (May 5, 2016, Approval Notice from USCIS). According to the company support letter submitted with that petition, the role of Senior Solutions Architect "will be primarily responsible for functioning as a sales engineer and focused technical lead for ePlus targeted product and service solutions." Also classified in the Sales Engineer occupation, the

role's minimum requirements included "attainment of a bachelor's degree, or equivalent, in Electronic Engineering, Computer Science, Computer Engineering, or related." *See* Ex. 4 (July 26, 2018, Response Letter from ePlus).

23.     Through the petition now subject to this Complaint, the Plaintiff sought to amend Mr. Wable's H-1B classification to support a promotion from his current H-1B-authorized position to the position of Senior Data Center Architect, a role that shares many of the same responsibilities as his current work and that would require him to draw upon his formal education in Electronics Engineering to plan, develop, and implement IT infrastructure in connection with the sale by ePlus to its customers of such services and technologies.

24.     USCIS issued a Request for Evidence ("RFE") on May 2, 2018, and called for additional evidence both that the position offered to the beneficiary meets the requirements for a specialty occupation, and that the beneficiary's credentials qualify him for the role. *See* Ex. 1 (May 2, 2018, Notice from USCIS).

25.     Plaintiff submitted its timely response on July 27, 2018, and along with a range of documentary evidence attached a support letter from Barbara Barrick Tiano, the company's Vice President of Human Resources. This letter provided more detailed explanations of the beneficiary's proposed day-to-day job duties and the company's minimum requirements for the role, and tied these requirements to both the Sales Engineer occupation generally and the company's highly technical products specifically. The company letter provided the following breakdown of tasks and associated time requirements with respect to the beneficiary's specific day-to-day duties:

| Task | % of Time |
|---|---|
| Evaluate client IT environments and recommend appropriate ePlus Technology data center solutions and configurations; | 25% |
| Serve as deployment-stage expert resource for Sales and Engineering teams; | 20% |
| Configure the deployment and implementation of multi-vendor data center solutions and services based upon assessment of customer IT ecosystems; | 10% |
| Serve as data center solutions subject matter expert and escalation point for ePlus Technology software engineers and consultants; | 10% |
| Collaborate with manufacturer engineering resources to gain lab access and design assistance for ePlus Technology data center solutions; | 10% |
| Establish and maintain a network of professional vendor contacts to keep ePlus Technology abreast of current data center products and technologies; | 10% |
| Develop, maintain, and improve standardized assessment, delivery, and testing documentation to use as guides for future client engagements; and | 10% |
| Mentor and train junior Data Center Architects in the complexities of enterprise IT infrastructure evaluation, implementation, and configuration. | 5% |

*See* Ex. 4 (July 26, 2018, Response Letter from ePlus).

26. USCIS denied Plaintiff's petition on August 10, 2018. The denial asserts that Plaintiff did not establish eligibility under any of the four factors enumerated by regulation at 8 C.F.R. § 214.2(h)(4)(iii)(A), and further declares that "[w]hile you claim in your letter of support that the beneficiary's foreign Bachelor of Engineering in Electronics Engineering is related to the proffered position, you did not offer any documentation to support this assertion."

27. Documentation included with Plaintiff's response to USCIS's RFE included not only the additional company support letter, but also copies of relevant U.S. Department of Labor reports, an occupational classification report from Ferguson's Career Guidance Center, copies of advertisements for similar positions at similarly situated employers, copies of résumés and employment verification for other employees of the Plaintiff that hold the same position with the

company, and collated excerpts from these exhibits that directly address the specific degree requirement of the proffered role. Each of these pieces of additional evidence connect the beneficiary's educational background to the proffered position.

28. Unless the Court vacates the denial of ePlus's H-1B petition, the company will lose the services of a valuable employee in the United States upon the expiration of his current approval on April 24, 2019.

**Exhaustion**

29. The August 10, 2018, denial by USCIS of ePlus's petition constitutes a final agency action under the APA, 5 U.S.C. § 701, *et seq*. Neither the INA nor DHS regulations at 8 C.F.R. § 103.3(a) require administrative appeal of the denial.

30. Under 5 U.S.C. §§ 702 and 704, ePlus has suffered a "legal wrong" and has been "adversely affected or aggrieved" by agency action for which there is no adequate remedy at law.

**CAUSE OF ACTION**

**COUNT I**

**Administrative Procedure Act Violation (5 U.S.C. § 706)**

31. Plaintiff incorporates the allegations set forth in the preceding paragraphs.

32. Defendants' denial of the Plaintiff's nonimmigrant petition constitutes final agency action that is arbitrary, capricious, an abuse of discretion, and not in accordance with the law.

33. No rational connection exists between the conclusions asserted by USCIS in its denial and the facts in the record.

**REQUEST FOR RELIEF**

The Plaintiff requests that this Court grant the following relief:

1. Declare the Defendants' denial of ePlus's H-1B petition is unlawful.

2. Vacate the denial and order Defendants to promptly approve the nonimmigrant petition.

3. Award Plaintiff its costs in this action; and

4. Grant any other relief that this Court may deem proper.

Dated: October 5, 2018                          MORGAN, LEWIS & BOCKIUS LLP


                                                By:/s/ Eric S. Bord
                                                    Eric S. Bord (DC Bar No. 429350)
                                                    eric.bord@morganlewis.com
                                                    Daniel D. Schaeffer (DC Bar No. 888208991)
                                                    daniel.schaeffer@morganlewis.com

                                                1111 Pennsylvania Avenue, NW
                                                Washington, DC  20004
                                                Telephone:    +1.202.739.3000
                                                Facsimile:    +1.202.739.3001

                                                Attorneys for Plaintiff